UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN McGUINESS,

                 Plaintiff,

                -against-

EAST WEST INDUSTRIES,

                 Defendant.
----------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-628

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 12 2012 ★
LONG ISLAND OFFICE

APPEARANCES:

    JOSEPH C. STROBLE, ESQ.
    40 Main Street
    P.O. Box 596
    Sayville, New York 11782
    Attorney for Plaintiff

    MIRANDA SAMBURSKY SLONE SKARLIN
    VERVENIOTIS LLP
    BY: MICHAEL A. MIRANDA, ESQ.
    240 Mineola Boulevard
    Mineola, New York 11501
    Attorneys for Defendants

WEXLER, District Judge

      Plaintiff John McGuiness ("Plaintiff"), a former employee of Defendant East West Industries, Inc. ("East West" or "Defendant") commenced this action alleging a violation of Federal and New York State law. The Federal claim alleged violation of the Family Medical Leave Act, 29 U.S.C.§2901 (the "FMLA"). In a Memorandum and Order dated April 10, 2012, this court granted Defendants' motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment. Presently before the court is Plaintiff's motion for reconsideration.

1

## DISCUSSION

I. <u>The Prior Dismissal</u>

When granting summary judgment this court noted that the only FMLA leave granted Plaintiff was an intermittent leave granted in 2007. It was further noted that Plaintiff was "under the impression" that the leave granted was "ongoing." The court held that since a right to "ongoing" leave is not a right protected by the FMLA, Plaintiff had not engaged in activity protected by the statute. Plaintiff's inability to establish a right protected by the FMLA was held to require a grant of summary judgment to Defendant as to that federal claim.

The court noted additionally that even if Plaintiff were held to have established a <u>prima facie</u> case of FMLA retaliation, which he had not, Defendant had articulated "a legitimate, non-discriminatory reason" for terminating Plaintiff. This shifted the burden to Plaintiff to show that Defendant's stated reasons were a pretext for discrimination, and that his termination was, "more likely than not, motivated in whole or part by discriminatory reasons." See <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 142–43 (2000). Holding that there was simply no evidence to support a claim of pretext, the court noted that even if Plaintiff were held to have established a <u>prima facie</u> case of discrimination based upon the exercise of FMLA protected activity, his claim was nonetheless subject to dismissal.

As to Plaintiff's state law claim, the court held that Plaintiff failed to allege or establish his opposition to any practice forbidden under New York Law. Accordingly, and for the reasons set forth with respect to the dismissal of the FMLA claim, the court dismissed any claim pursuant to the New York Human Rights Law.

II. <u>Disposition of the Motion</u>

Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice. <u>Virgin Atlantic Airways, Ltd. v. National Mediation Board</u>, 956 F.2d 1245, 1255 (2d Cir. 1992); <u>Almonte v. City of Long Beach</u>, 2005 WL 1971014 *1 (E.D.N.Y. 2005). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked . . . ." <u>Nowacki v. Closson</u>, 2001 WL 175239 *1 (N.D.N.Y. 2001), quoting, <u>Shrader v. CSX Transportation, Inc.</u>, 70 F.3d 255, 256-57 (2d Cir. 1995). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. <u>See</u> <u>id</u>.; <u>see</u> <u>also</u> <u>Altamonte</u>, 2005 WL 1971014 at *1. The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." <u>Altamonte</u>, 2005 WL 1971014 at *1 (quoting <u>Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland</u>, 768 F. Supp. 115, 116 (S.D.N.Y. 1991).

Plaintiff's motion for reconsideration raises no argument to satisfy the above-referenced standards. Neither new legal nor factual issues are raised. Instead, Plaintiff's motion is nothing more than a restatement of his prior positions, which have already been rejected by the court. Plaintiff having raised no proper basis upon which to reconsider this court's grant of summary judgment, the motion must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied.

SO ORDERED.

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
　　　 June 12, 2012

4